UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-104 (LMP/DLM)

UNITED STATES OF AMERICA,

          Plaintiff,

v.

FLORENCIO JAVIER BARCENAS-NUNEZ,

          Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and the defendant, Florencio Javier Barcenas-Nunez, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the U.S. Attorney's Office for the District of Minnesota (hereinafter "the Government"). This agreement does not bind any other U.S. Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a). The defendant fully understands the nature and elements of the crimes charged.

2. **Factual Basis**. The defendant is pleading guilty because they are is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish their guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the U.S. Sentencing Guidelines:

The defendant is a Mexican national who was previously ordered removed and removed from the United States on December 31, 2019. That same date, the defendant was

1

convicted of Illegal Entry, in violation of 8 U.S.C. § 1325(a)(1), in the Southern District of Texas.

At some point thereafter, the defendant reentered the United States without any lawful immigration status in the United States.

On March 6, 2025, the defendant was found in the United States. The defendant had not obtained permission from the U.S. Attorney General or the U.S. Secretary of Homeland Security to reapply for admissions to the United States.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the Government within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, they are withdrawing any motions previously filed.

4. **Waiver of Constitutional Trial Rights**. The defendant understands that they have the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the Government and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that they have the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent them. The defendant understands that they have the right to persist in a plea of not guilty and, if they

do so, they would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.  **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a U.S. citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with their attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6.  **Statutory Penalties**. The defendant understands that Count One of the Indictment, which charges the defendant with Reentry of Removed Alien, in violation of 8 U.S.C. § 1326(a), is a felony offense that carries the following statutory penalties:

    a.  a maximum of two years in prison, 8 U.S.C. § 1326(a);

    b.  a maximum supervised-release term of one year, *id.* §§ 3559(a)(5), 3583(b)(3);

    c.  a maximum fine of $250,000, *id.* § 3571(b)(3); and

    d.  a mandatory special assessment of $100.

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the U.S. Sentencing Guidelines in determining the appropriate sentence. The parties stipulate to the following guidelines calculations:

    a. <u>Base Offense Level</u>. The parties agree that the base offense level is 8. U.S.S.G. §2L1.2(a).

    b. <u>Specific-Offense Characteristics</u>. The parties agree no specific-offense characteristics apply.

    c. <u>Chapter 3 Adjustments</u>:

        i) <u>Acceptance of Responsibility</u>. The Government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the Government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the U.S. Probation Office if a pre-sentence investigation is conducted; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

        Nothing in this agreement limits the right of the Government, pursuant to U.S.S.G. §§3E1.1, 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

        ii) The parties agree that no other Chapter 3 adjustments apply.

    d.    <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into criminal history category I. *Id.* §4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within their criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on their true criminal history category, and they will not be permitted to withdraw from this plea agreement. *Id.*

    e.    <u>Zero-Point Offender Adjustment</u>. Because the defendant has zero criminal-history points and no disqualifying conduct, the parties agree the defendant qualifies for a 2-level adjustment under U.S.S.G. §4C1.1.

While sentences resulting from foreign convictions are not counted, they may be considered under §4A1.3 (Adequacy of Criminal History Category).

    f.    <u>Imprisonment Range</u>. If the adjusted offense level is 4, and the criminal history category is I, the Sentencing Guidelines **imprisonment range is 0–6 months**. §5, Pt.A.

    g.    <u>Supervised Release</u>. The Sentencing Guidelines supervised-release range is a term of 1 year. §5D1.2(a)(1).

    h.    <u>Fine Range</u>. The Sentencing Guidelines fine range is $200– $9,500. §5E1.2(c)(1)–(3).

**8.**    **Fast-Track**. The parties agree that the defendant is eligible for a 4-level downward departure pursuant to an early-disposition program authorized by the Attorney General and the U.S. Attorney's Office for the District of Minnesota. U.S.S.G. §5K3.1. In accordance with the Fast-Track Program, the defendant (i) agrees to waive their right to challenge the government's motion for pre-trial detention, (ii) agrees to not file any pretrial

5

motions, (iii) agrees to plead guilty within 30 days of the initial appearance, (iv) agrees to this plea agreement and engages in no conduct inconsistent with acceptance of responsibility. If the defendant satisfies these obligations, the Government will (i) move for the 4-level downward departure under §5K3.1, and (ii) will not oppose a defendant's request to proceed immediately to sentencing at the change-of-plea hearing.

9. **Revocation of Supervised Release**. The defendant understands that if they were to violate any condition of probation or supervised release, the Court could revoke supervised release, and they could be sentenced to imprisonment, in addition to any term that the Court may impose at sentencing, up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). The defendant also understands that as part of any revocation, the Court may extend or continue their supervised release, including for a term to extend after any sentence of imprisonment that is imposed as part of the revocation, as set forth in 18 U.S.C. § 3583(h).

10. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

11. **Agreements as to Sentencing Recommendation.** The parties are free to recommend whatever sentence they deem appropriate, except that (i) the Government agrees to move for a 4-level downward departure under §5K3.1 and recommend a sentence of imprisonment of time served if the terms and conditions of paragraph 8 of this plea agreement are met, and (ii) the defendant agrees to waive the right to make any motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a). If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw their guilty plea.

12. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. §5E1.3. The defendant agrees to pay the special assessment.

13. **Immigration Consequences.** The defendant understands that pleading guilty may have consequences with respect to the defendant's immigration status, including removal or deportation. The defendant understands that no one, including the defendant's attorney, the Assistant United States Attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Regardless of any immigration consequences that may follow from a guilty plea, even automatic removal or deportation from the United States, the defendant still wishes to plead guilty as set forth in this agreement.

14. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not

limited to: the defendant's waiver of the right to appeal guilt or innocence, any issues relating to the negotiation, taking or acceptance of the guilty plea, the sentence imposed or any issues that relate to the calculation of the Guidelines range, the supervised-release term and conditions imposed, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a sentence that includes a term of imprisonment above the high end of the Guidelines, as determined by the Court.

The defendant also waives the right to collaterally attack their conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. This collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this plea agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The Government agrees to waive its right to appeal any sentence.

15. **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the

Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the Government and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with their decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

LISA D. KIRKPATRICK
Acting United States Attorney

Date: 4.25.2025

BY: Matthew D. Evans
Assistant United States Attorney

Date: 4-25-25

Florencio Javier Barcenas-Nunez
Defendant

Date: 4-25-25

Jean Brandl
Counsel for Defendant

9